# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:10CR00007 |
| v. | ) **OPINION** |
| JASON SMITH, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jason Smith, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011). Upon review of the record, I will summarily dismiss the § 2255 motion without prejudice.

Jason Smith pleaded guilty to possession of a prohibited weapon in prison, in violation of 18 U.S.C.A. § 1791(a)(2) (West 2006). I sentenced Smith to 42 months in prison, 12 months higher than the range calculated for his offense under the advisory Sentencing Guidelines. Smith appealed his sentence, and the court of appeals affirmed. *United States v. Smith*, 437 F. App'x 246 (4th Cir. 2011).

Smith now brings this § 2255 motion seeking modification of his sentence. Smith contends that in reaching my decision to vary upward at sentencing, I

reviewed only his prison disciplinary history and not his positive accomplishments during his 10-year incarceration. Smith asks me to consider evidence of his completion of various rehabilitation programs since his conviction in this case, as well as programs that he completed in prison before that conviction. Smith also asks me to consider the fact that his father has terminal medical conditions.

To the extent that Smith is renewing his argument that his sentence was unreasonable as imposed, his claim under § 2255 is barred. A federal habeas petitioner cannot relitigate issues that have already been decided on direct review. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

Moreover, I do not find that the evidence Smith now proffers would have altered my decision to vary upward, based on my finding that Smith's violent behavior warranted the sentence imposed. While I sympathize with Smith's family concerns and applaud his actions toward rehabilitating himself in prison, these factors do not provide a basis on which I could find his current sentence to be unlawful so as to vacate or correct it under § 2255.

For the stated reasons, I will summarily deny Smith's § 2255 motion.

A separate Final Order will be entered herewith.

DATED: February 27, 2012

/s/ James P. Jones
United States District Judge